UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 08-10531-RWZ

ROBERT CABRERA

v.

HAROLD W. CLARKE

ORDER

April 14, 2010

ZOBEL, D.J.

Robert Cabrera, an inmate at MCI-Cedar Junction, asserts that his state conviction for breaking and entering at nighttime with intent to commit a felony was constitutionally invalid and petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.   Background**

In July 1998, three police officers patrolling a high crime area in the City of Lawrence observed two vehicles parked curbside.[1] One was empty, the other was occupied by Robert Cabrera and a passenger, both speaking with two individuals squatting outside. The officers approached the vehicle and saw the passenger kick a plastic bag under the passenger seat. Two cellphones were visible in the bag. The officers ordered the passenger out of the car and examined the bag, which contained a

---

[1] These facts concerning the search of petitioner's vehicle are those found by the Massachusetts District Court, Lawrence Division, Commonwealth v. Cabrera, No. 9818CR5877 (April 29, 1999).

total of six cellphones. Officers then directed petitioner to step out of the vehicle. He consented to a search of the trunk, and the officers discovered a trash bag containing 36 electronic pagers.

### A. The Prior Conviction

Police identified the pagers as merchandise stolen earlier in July from Bernie's Audio Store and charged petitioner with receiving stolen property. He moved to suppress the evidence seized from the vehicle; after an evidentiary hearing, the motion was denied. Commonwealth v. Cabrera, No. 9818CR5877 (April 29, 1999). In October 1999, petitioner pled guilty to the receiving charge and was sentenced to two and a half years incarceration. He completed his sentence and probation was terminated in February 2001.

### B. The Challenged Conviction

In 2002, after the police learned new information from an informant, petitioner was indicted for breaking and entering at nighttime with intent to commit a felony and three counts of larceny of a motor vehicle. The breaking and entering charge concerned the July 2008 larceny at Bernie's Audio Store.

As in the receiving stolen property prosecution, petitioner moved to suppress the evidence seized from his vehicle. The trial court denied the motion on the ground that petitioner was collaterally estopped from relitigating the suppression issue. The counts were tried to a jury, and petitioner was convicted of breaking and entering but acquitted on all counts of larceny of a motor vehicle. He was sentenced to eight years incarceration. Petitioner appealed his conviction to the Appeals Court but the Supreme

Judicial Court took the case, sua sponte, on direct appeal and affirmed.

Commonwealth v. Cabrera, 874 N.E.2d 654 (Mass. 2007).

Petitioner timely filed his petition for a writ of habeas corpus. He makes two arguments for his release.[2] First, principles of collateral estoppel incorporated into the Double Jeopardy Clause of the Fifth Amendment preclude the Commonwealth from arguing that he had an intent to commit larceny in respect to the Bernie's Audio Store property after it had convicted him of receiving the stolen Bernie's Audio Store property. Second, his Fourth, Sixth, or Fourteenth Amendment rights were violated when he was collaterally estopped from rearguing his motion to suppress the evidence from the search of his vehicle.[3]

## II.  Analysis

The applicable habeas corpus statute provides that:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

---

[2]Petitioner lists five "issues presented" in his memorandum, but the first four raise the same question of federal law. (Petitioner's Memorandum of Law 2, Docket # 12.)

[3]While petitioner does not identify the source of the federal right that he argues was violated by the application of collateral estoppel, the court recognizes that he is a pro se litigant and his filings are held to a less stringent standard. Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008). His collateral estoppel argument in the context of a motion to suppress may implicate his Fourth Amendment right to be secure from unreasonable searches, his Sixth Amendment right to a trial, and his Fourteenth Amendment right to due process.

determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254.

A decision is contrary to clearly established Supreme Court precedent if it applies a rule that contradicts the law set forth by the Court or confronts a materially indistinguishable set of facts but reaches a different result, and it is an unreasonable application if the precedent is applied to the facts in an objectively unreasonable manner. Brown v. Payton, 544 U.S. 133, 141 (2005)

### A.     Fifth Amendment - Double Jeopardy

The Double Jeopardy Clause in the Fifth Amendment, among other things, prohibits the government from re-litigating in a later prosecution issues of fact that have already been determined by a valid and final judgment against that same defendant. Ashe v. Swenson, 397 U.S. 436, 443 (1970).  Massachusetts has long recognized that convictions for the crimes of larceny and receiving stolen property are factually inconsistent when they involve the same property because it is impossible to both steal property and be given the same property after it was stolen.  Commonwealth v. Dellamano, 469 N.E.2d 1254, 1255 (Mass. 1984) (citing Commonwealth v. Haskins, 128 Mass. 60 (1880)).  Therefore, the Double Jeopardy Clause would preclude the Commonwealth from convicting a defendant for larceny after securing a conviction for receiving stolen property; the earlier conviction necessarily establishes the fact that defendant received, rather than stole, the property.  Petitioner was not, however,

convicted of both larceny and receiving stolen property. A review of the elements of the two crimes of which he was convicted shows that they are not factually inconsistent such that double jeopardy would be implicated.

The elements of breaking and entering at nighttime with intent to commit a felony are (1) breaking into and (2) entering a building (3) at night with (4) the intent to commit a felony. Cabrera, 874 N.E.2d at 657. While the felonious intent was the intent to commit larceny, the crime of larceny is itself not an element. The elements of receiving stolen property are (1) buying, receiving, or aiding in the concealment of stolen property, (2) knowing it to have been stolen. Id.

Petitioner argued in the Supreme Judicial Court and argues here that "both convictions arose out of the same criminal occurrence." (Petr.'s Mem. 7, Docket # 12.) He is right, insofar as both are intertwined with the theft at Bernie's Audio Store. His argument does not, however, account for the differences between his two convictions. The essence of petitioner's second conviction is the breaking into and entering a building. While that crime also requires a specific intent - here, the intent to commit larceny - it does not mean that larceny is an essential element and there was no finding that he committed larceny. Because there is no overlap of factual or legal requisites, the Double Jeopardy Clause does not preclude the breaking and entering conviction.

    **B.    Fourth, Sixth, and Fourteenth Amendment - Collateral Estoppel**

The trial court held that petitioner was collaterally estopped from challenging the legality of the search of his vehicle because he had raised, and lost, the same argument in his motion to suppress filed in the receiving stolen property criminal

proceeding. While some courts have held that collateral estoppel may be used against a criminal defendant in the context of a motion to suppress, there is a division of authority, and the Supreme Court has not addressed the issue. Compare United States v. Rosenberger, 872 F.2d 240, 242 (8th Cir. 1989) (holding that defendant's motion to suppress was barred by collateral estoppel), and United States v. Levasseur, 699 F. Supp. 965, 980-82 (D. Mass. 1988) (same), rev'd in part on other grounds, 846 F.2d 786 (1st Cir. 1988), with United States v. Martin, 169 F. Supp. 2d 558, 562-63 (E.D. La. 2001) (declining to apply collateral estoppel to bar defendant's motion to suppress). Accordingly, the application of collateral estoppel to a motion to suppress is not in conflict with or an unreasonable application of federal law as determined by the Supreme Court.

Nor is there anything unreasonable in the holding that collateral estoppel barred petitioner's motion to suppress. There is no dispute that the suppression issues were identical in both state proceedings, the issue was decided on the merits, and a final judgment was entered in the earlier prosecution. The record supports a finding that petitioner had a full and fair opportunity to litigate the issue at an evidentiary hearing and an incentive to do so because he faced substantial prison time. See, e.g., Levasseur, 699 F. Supp. at 981 (listing the criteria for application of collateral estoppel).

### III.     Conclusion

The petition for a writ of habeas corpus (Docket # 1) is DENIED.  Judgment may be entered for respondent.


|         April 14, 2010         |         /s/Rya W. Zobel         |
|:---:|:---:|
| DATE | RYA W. ZOBEL |
| | UNITED STATES DISTRICT JUDGE |